**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

KYRA MOSS,

                         Plaintiff,

       v.                                    No. 1:17-CV-706
                                                                (DNH/CFH)

BURLINGTON COAT FACTOR STORES,
INC.,

                         Defendant.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

Kyra Moss
18 Providence Place,
Apartment 7
Albany, New York 12202
Plaintiff pro se

# REPORT-RECOMMENDATION AND ORDER

Presently pending before the undersigned is plaintiff pro se Kyra Moss' motion to proceed in forma pauperis ("IFP"). Dkt. No. 2. Plaintiff commenced this action on June 29, 2017 and has filed this IFP application in lieu of paying a filing fee. Dkt. No. 1 ("Compl."). Upon review of plaintiff's IFP application, the undersigned concludes that she may properly proceed IFP.[1] See Dkt. No. 2.[2]

---

[1] Plaintiff is advised that, although her IFP application has been granted, she will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[2] It appears that plaintiff may have attempted to sue Burlington Coat Factory Stores, Inc. and that the spelling in her caption, "Factor," is clerical error. See Compl. at 1.

## I. Initial Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. As plaintiff is representing herself, the court is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

## II. Plaintiff's Complaint

On a form complaint for age-based employment discrimination, plaintiff checks off two boxes indicating that she is suing defendant for (1) "unequal terms and conditions of employment," next to which she writes "unequal pay"; and (2) "other acts as specified below," next to which she writes, "[c]redible evidence to prove violations made by Burlington Coat Factory Stores, Inc. are attached [illegible] is notarized, signed and fingerprinted [illegible.]" Compl. at 2. In the facts section of the form complaint, plaintiff provides, "[a]ll necessary paperwork to prove violations 6/29/17 made by Burlington Coat Factory Stores, Inc. are attached as 15 pages of notarized, signed, and fingerprinted pages of 2 formal legal contract." Id. at 3. Plaintiff further indicates that

2

she was born on August 27, 1982, and was 34 years of age at the time of the alleged discriminatory incident.  Id.  In response to questions asking whether she filed complaints with the New York State Division of Human Rights or the Equal Employment Opportunity Commission or whether she has a right to sue letter, she indicates "N/A[.]"[3]  Id. at 3-4.  In the form complaint's "wherefore clause" indicating her requested relief, plaintiff again provides, "[a]ll necessary paperwork that summarizes Plaintiff's 'prayer for relief' are attached as 15 pages of evidence and notarized, signed, and fingerprinted pages of a formal legal contract."  Id. at 4.

Attached to the form complaint, plaintiff provides several pages of unexplained documents, including what appears to be a proposed settlement agreement signed by plaintiff, but not signed by defendant or any representative of defendant.  Compl. at 6-10.  The apparent proposed contract appears to allege violations of "Amendment Thirteen," "Americans with Disabilities Act 1990," "Welfare Reform Act 1996," "Equal Opportunity Act 1972," "Equal Pay Act 1963," "Privacy Act 1984," "15(C)(a)(1)(A) Securities Exchange Act 1964."  Id. at 8-9.  The proposed contract appears to propose a settlement of $21,000,000 for the alleged violations.  Id. at 9.  Also attached to the complaint are what appears to be various earnings statements with plaintiff's hand written comments, e-mails also containing handwritten notations, and medical records.  Id. at 11-16.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure.

---

[3] It is the undersigned's understanding that plaintiff intended this abbreviation to stand for "not applicable."

3

Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189

4

F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Here, plaintiff's complaint alleges age discrimination, apparently on the basis of inequal pay and other, unspecified "other acts."  However, plaintiff sets forth absolutely no factual support for these claims.  Insofar as she refers the Court to the various attachments to the complaints, the unexplained proposed settlement contract, various

pay stubs, e-mails, and medical records fail to sufficiently explain how defendant subjected her to employment discrimination. See generally Compl. Furthermore, insofar as plaintiff may be attempting to set forth an age discrimination claim against her former employer, plaintiff provides that she was born in 1982 and is thirty-four years of age. Compl. at 3. The Age Discrimination in Employment Act of 1967 ("ADEA") applies to prohibit discrimination in hiring, promotion, discharge, compensation, and terms and conditions of employment on the basis of age; however, these protections only apply to employees who are forty years of age and older. 29 U.S.C. § 623(a)(1). As plaintiff has provided that she is under this age threshold, this statute would not apply. See id. § 631(a). Thus, plaintiff would be unable to set forth a claim for age discrimination under the ADEA. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000) ("In order to establish a prima facie case of age discrimination, the plaintiff must show that he was (1) *within the protected age group*; (2) qualified for the position; (3) discharged; and (4) that such discharge occurred under circumstances giving rise to an inference of discrimination.") (internal citation omitted) (emphasis added).

Ultimately, plaintiff's pleadings fail to comply with the pleading requirements of the Federal Rules, and the Court is unable to determine from the submissions the statutes under which she seeks to sue or the factual basis for her claims. Despite plaintiff's pro se status, plaintiff is still required to set forth all of her claims in a complaint that clearly sets forth the alleged violations of her constitutional rights or other applicable federal laws. The Court cannot be made to search through plaintiff's various

filings in an attempt to discern her claims where there is absolutely no factual background or allegations made in the complaint. The current submissions are insufficient for the undersigned to assess plaintiff's claims.

Accordingly, it is recommended that plaintiff's complaint be dismissed. However, in light of plaintiff's pro se status, it is recommended that dismissal be *without prejudice* to plaintiff filing an amended complaint that complies with both Federal Rules of Civil Procedure 8 and 10, as detained above, and specifically sets forth the factual allegations she wishes to make against Burlington Coat Factory and her explanation of how the defendant violated certain rights or laws.

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's application for In Forma Pauperis relief (Dkt. No. 2) be **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED** for failure to state a claim and comply with pleading standards and failure to state a claim, and that such dismissal be **WITHOUT PREJUDICE** to plaintiff filing an amended complaint; and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within

fourteen (14) days after being served with a copy of the . . . recommendation."

N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); F$_{ED}$. R. C$_{IV}$. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: August 31, 2017
      Albany, New York

*[signature]*
Christian F. Hummel
U.S. Magistrate Judge